

FaegreBD.com

USA ▼ UK ▼ CHINA

**Peter M. Routhier**
*Partner*
**peter.routhier@FaegreBD.com**
Direct **+1 612 766 8770**

Faegre Baker Daniels LLP
2200 Wells Fargo Center ▼ 90 South Seventh Street
Minneapolis ▼ Minnesota 55402-3901
Main **+1 612 766 7000**
Fax **+1 612 766 1600**

November 4, 2019

**VIA ECF**

The Honorable Ona T. Wang, United States Magistrate Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, NY 10007

Re:   *Atari Interactive Inc. v. Target Corp.*, Case No. 1:19cv3111-LAK-OTW

Dear Judge Wang:

We represent Target Corporation ("Target") in the above-captioned action. We submit this letter in response to Atari Interactive Inc.'s ("Atari's") November 1, 2019 Letter Motion for Extension of Time to Complete Discovery (Dkt. 40).).[1] Atari's motion should be denied because Atari has not and cannot make the requisite showing of good cause. *See* Fed. R. Civ. P. 16(b).

Atari cannot make this showing because good cause "depends on the diligence of the moving party" and Atari—the plaintiff—has not been diligent in prosecuting this case. *See Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007) (citation and quotation omitted). Discovery has been open for at least five months. (*See* Dkt. 34.) Over this time frame, several discovery deadlines have passed without any participation by Atari. For example, Atari did not serve interrogatories when they were due on September 20, 2019 (Target served interrogatories on this day). (*See id.*) And Atari did not serve Requests for Admission when they were due October 31, 2019 (again, Target met its obligation and served Requests for Admission on this day). (*See id.*) Finally, while Atari promises that it will be producing documents in the coming days, Atari still has not produced a single document in this case—despite its obligations under Rule 26 and affirmative requests from Target from many months ago (and despite Target's own production of nearly a thousand pages). In the circumstances, Atari's request for an extension is rooted in its own lack of diligence, and for that reason should be denied.

Atari's motion should also be denied because Atari does not show why discovery cannot be completed on the current schedule. Atari has promised to produce its documents in the next several days. Taking Atari at its word, there should be ample time for both sides to resolve any outstanding document issues and schedule

---

[1] Judge Kaplan's April 11, 2019 Order of Reference referred this matter to Your Honor for the following purposes: "General Pretrial (includes scheduling, discovery, non-dispositive pretrial motions, and settlement)." (Dkt. 9.)

-2- November 4, 2019

depositions. To the extent any individual witness requires a minor scheduling accommodation, that can be addressed by the parties in a cooperative fashion on an individualized basis. A generalized extension will simply prolong these proceedings, needlessly imposing additional burdens on Target over the busy holiday season. *See, e.g., Kassner*, 496 F.3d at 244.

Finally, any remaining arguments in Atari's letter motion cannot overcome its lack of diligence or otherwise show good cause. Atari suggests that the parties have been waiting for the outcome of a pending motion before engaging in broader discovery, but that is not the case. (*See* Dkt. 40.) There has been no request by Atari, or understanding among the parties, that discovery would be limited during this time frame. To the contrary, in fact, as Atari repeatedly pressed Target for broad discovery in August and September of this year, going so far as to threaten motion practice if Target did not comply. Since that time, as outlined above, Target has pressed forward in discovery with the understanding that the current discovery deadline would hold.

Target therefore respectfully requests that Atari's motion be denied.

Respectfully submitted,

Peter M. Routhier